


Case 11-35883　　Filed 07/24/12　　Doc 53

FILED
July 24, 2012
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0004353912

KEITH R. OLIVER (SBN 257837)
OLIVER & ASSOCIATES
450 Harrison Street, Suite 200
San Francisco, California 94105
Telephone (415) 512-7353
Facsimile (415) 512-7653

Attorney for Debtor, PAUL DALLAS,
and Special Counsel to Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In Re: PAUL DALLAS<br><br>　　　　　　　Debtor.<br>_____<br>PAUL DALLAS, Debtor, and MICHAEL D. McGRANAHAN, Trustee,<br><br>　　　　　　　Plaintiffs,<br><br>V.<br><br>ONEWEST BANK FSB, and DEUTSCHE BANK NATIONAL TRUST, N.A.,<br><br>　　　　　　　Defendants<br>_____ | Case No.: 11-35883-CK<br><br>Adversary Proceeding No. 11-02671<br><br>DC No. OLC -1<br><br>Chapter 7<br><br>Date:　August 7, 2012<br>Time:　9:30 a.m.<br>Ctrm:　C-35<br><br><br>Judge:　Honorable Christopher M. Klein |

I, KEITH R. OLIVER, declare:

1. I am an attorney duly licensed in California to appear before this Court.

2. I am attorney for Debtor and also Special Counsel to the Trustee in the Adversary Proceeding of this case.

3. I have personal knowledge of the facts stated herein, and, if called to testify thereon, I could and would do so competently.

4. I have always supported a fair settlement of this case. I do not find, however, that this settlement is fair. While I did express concerned about certain evidence, I also attempted to make clear that I thought the settlement was a product of Rule 9011 sanction threats, and was not arrived at in good faith. I also repeatedly pointed out that I thought OneWest Bank had violated the Preliminary Injunction issued by this Court January 20, 2012, accepting offers from at least six different buyers, and escrow money from at least one.

5. With this in mind, I informed all parties that Debtor would "vehemently" oppose the Rule 9019 settlement.

6. At the same time I informed Mr. Dallas that he would need to develop and draft his own opposition to the Trustee's 9019 motion, and I explained to him that an objection that came directly from the Debtor would hold the most weight with the Court. I had also discussed the issues surrounding my dual role as Debtor's counsel and Special Counsel from the inception of the AP case, and continuously up to today.

7. I asked Mr. Dallas to craft his best arguments and collect his best documents to support his case. I told him, as I have now done, that I would format the documents, and file the same with the Court.

8. The objection filed today follows these guidelines. The objection is based on Mr. Dallas' arguments and evidence, formatted and filed by myself.

9. I believe the Woodson factors weigh heavily against this 9019 motion, and I respectfully disagree with General Counsel on this. Particularly, I find that the settlement amount is <u>far below what could be achieved through active settlement negotiations</u>, and not by way

Case 11-35883    Filed 07/24/12    Doc 53

of threats of sanctions against the Trustee and myself.  General Counsel, for whatever reason, was removed from the list of parties to be sanctioned.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and is based upon my own personal knowledge, and that I am competent to testify thereto if called as a witness.

Executed on this day July 24, 2012, at San Francisco, California.


By:  /s/ Keith R. Oliver____
     KEITH R. OLIVER